UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CARMEN FARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:12-CV-58-PLR-CCS |
| | ) |
| RIVERWALK HOLDINGS, LTD, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Plaintiff, Carmen Farmer, brings this civil action against Defendant, Riverwalk Holdings Ltd, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Pending before the Court is Plaintiff's motion for summary judgment in which Plaintiff moves for an order granting judgment in her favor against Defendant on the grounds that there are no genuine issues of material fact and she is entitled to judgment as a matter of law. Defendant has failed to respond to Plaintiff's motion, and pursuant to Local Rule 7.2, Defendant's failure to respond shall be deemed a waiver of any opposition to the relief sought.

The Court has carefully considered the pending motion and the supporting exhibits in light of the applicable law. For the reasons stated herein, the Court finds Plaintiff's motion for summary judgment well-taken and it will be **GRANTED.**

## I. Procedural Background

Plaintiff filed the original complaint in this action on February 3, 2012. Attorneys Darryl G. Lowe and Christopher C. Field of the law firm of Lowe, Yeager & Brown filed notices of appearance for Defendant on February 28, 2012, and April 16, 2012. Defendant filed a motion to dismiss on February 29, 2012. Plaintiff filed an amended complaint on March 26, 2012, and the Court denied Defendant's motion to dismiss. Thereafter, Darryl G. Lowe and Christopher C. Field filed a motion to withdraw as counsel for Defendant. At the hearing on the motion to withdraw, counsel presented an amended motion to withdraw signed by Defendant's representative, Mike Shelton, indicating his consent to the motion. The Court granted counsel's motion to withdraw and relieved Darryl G. Lowe, Christopher C. Field, and the law firm of Lowe, Yeager & Brown from any further responsibility in this case. Defendant was given thirty (30) days in which to obtain substitute counsel to represent Defendant in this action. In addition, Defendant was advised that failure to comply with the Court's order could result in sanctions against Defendant. No other attorneys have filed an appearance for Defendant.

Plaintiff filed her motion for summary judgment on October 9, 2013. Pursuant to Local Rule 7.1, Defendant's response was due 21 days thereafter. No response was received from Defendant, and the Court issued an order for Defendant to show cause by December 19, 2013, why Plaintiff's motion for summary judgment should not be granted. The Court directed the Clerk to send a copy of the show cause order to Mike Shelton, Business Manager, Riverwalk Holdings Ltd., 2232 Glade Road, Colleyville, Texas 76034. No response was received to the show cause order. Accordingly, pursuant to

Local Rule 7.2, The Court will deem Defendant's failure to respond to the motion and the Court's orders as a waiver of any opposition to the relief sought by Plaintiff in this case.

## II.  Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Co., Inc.,* 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The Court does not weigh the evidence or

3

Case 3:12-cv-00058-PLR-CCS   Document 24   Filed 05/01/14   Page 3 of 9   PageID #: 153

determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

### III.  Factual Background

Plaintiff states she was indebted to Chase Bank and/or WaMu, original account number 4185-8676-0870-7239, and that the debt went into default around February 3, 2011. Sometime thereafter, the debt was consigned, sold, or otherwise transferred to Defendant for collection from Plaintiff. Defendant is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

On October 11, 2011, Defendant filed a Civil Warrant and Affidavit against Plaintiff in state court seeking to collect "the principal amount of $4,853.04, plus court costs in the amount of $133.00, and service of process fees in the amount of $22.00".

On November 22, 2011, Plaintiff filed a Sworn Denial in the collection lawsuit stating that she had never signed a contract with Defendant and disputing that she owed Defendant any money. On February 1, 2012, counsel for Defendant non-suited the collection lawsuit without prejudice to re-filing.

Plaintiff argues that Defendant intentionally made a business decision to file the collection action without (a) obtaining competent evidence, including, but not limited to a copy of the written contract between the original creditor and Plaintiff, or (b) making a

4

reasonable and adequate investigation as to whether Plaintiff owed the amount of debt Defendant was attempting to collect, but relied solely on other parties for this information. Plaintiff states the use of a false, deceptive and misleading warrant and affidavit to collect a debt by Defendant in this case is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

## IV. Analysis

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The Court is required to analyze alleged FDCPA violations "through the lens of the least sophisticated consumer." *Gionis v. Javitch, Block & Rathbone LLP,* 238 Fed. Appx. 24, 28 (6th Cir. 2007). The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir. 1993). The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. *Id.* at 1318. It also protects debt collectors against liability for "bizarre or idiosyncratic interpretations of collection notices." *Id.* at 1320.

It is undisputed for the purposes of summary judgment that Plaintiff Carmen Farmer is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); that Defendant Riverwalk Holdings, Ltd is a "debt collector" as defined by 15 U.S.C. § 1692a(6); and

5

that Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. §1692a(5) (credit card debt originally owed to or serviced by Chase Bank).

Plaintiff has moved for summary judgment on her claims arising under 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1) related to Defendant's act of filing the Civil Warrant and sworn Affidavit. Plaintiff's fundamental claim for this violation is that Defendant filed the collection lawsuit without possessing any competent evidence Defendant could use to establish that Plaintiff owed a debt to Defendant, and knowing that it did not intend to obtain such evidence. On August 5, 2013, Plaintiff propounded requests for admission to Defendant relating to liability as follows:

> 2. **ADMIT THAT:** This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA").
>
> 3. **ADMIT THAT:** This action arises out of the invasions of the plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.
>
> 17. **ADMIT THAT:** The above-referenced Affiant, Velia Ogeda, did not review any books and/or records that would establish a debt owed from Carmen Farmer to Riverwalk Holdings, Ltd.
>
> 18. **ADMIT THAT:** Regarding Account Number 14149006, Defendant Riverwalk is attempting to collect amounts from Plaintiff which are not provided for by the agreement creating the debt.
>
> 19. **ADMIT THAT:** Defendant Riverwalk used false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt referenced herein.

Plaintiff has submitted proof that Defendant received the requests for admissions as

6

Case 3:12-cv-00058-PLR-CCS   Document 24   Filed 05/01/14   Page 6 of 9   PageID #: 156

evidenced by proof of service through signature confirmation via the United States Postal Service. Defendant has not responded to the requests for admission, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, these matters are deemed admitted.

15 U.S.C. § 1692e prohibits the use of "any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." Section 1692e(2) prohibits the false representation of the character, amount, or legal status of a debt, as well as the false representation of services rendered or compensation received by any debt collector. Section 1692e(5) prohibits a threat to take any action that cannot legally be taken, or that is not intended to be taken, while § 1692e(8) prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt. Section 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect on a debt, including attempting to collect on amounts not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

Defendant has failed to respond to Plaintiff's requests for admissions, which are deemed admitted, and Defendant has failed to respond to Plaintiff's motion for summary judgment, which is deemed a waiver of any relief sought in this action. Therefore, based upon the record in this case, the Court finds that Defendant has violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), and Plaintiff's motion for summary judgment as to those claims will be **GRANTED.**

Plaintiff also asserts that the Civil Warrant and Affidavit filed by Defendant

should be considered an initial written communication by Defendant in connection with collection of a debt, and that such communication failed to contain a written notice of Plaintiff's right to dispute the debt and other information required by 15 U.S.C. § 1692g. However, that argument has been rejected by this Court in *White v. Sherman Financial Group LLC,* 2013 WL 5936679 at *8-9 (E.D.Tenn. 2013) (civil warrant and affidavit fell within formal pleading exception to FDCPA, and were not required to contain necessary disclosures). Accordingly, Plaintiff's claim for violation of 15 U.S.C. § 1692g will be **DENIED.**

>With regard to damages, the FDCPA provides that:
>
>Any debt collector who fails to comply with any provision of … [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –
>
>(1) any actual damages sustained by such person as a result of such failure;
>
>(2)(A) in the case of any action by an individual, such additional damages as the court may allow but not exceeding $1,000 . . . and
>
>(3) In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k. Plaintiff's motion for summary judgment seeks statutory damages, costs, expenses, and attorney fees.

Plaintiff first seeks statutory damages in the amount of $1,000. In awarding statutory damages under §1692k(a)(2)(A), "the court shall consider . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692(b)(1).

8

Here, Defendant committed numerous violations of the FDCPA and given the egregious and unconscionable nature of Defendant's conduct, the Court concludes that Plaintiff is entitled to $1,000 in statutory damages.[1]

Next, Plaintiff also seeks attorney fees and costs. An award of "a reasonable attorney's fee, and costs to a prevailing party" are mandatory. *Dowling v. Litton Loan Servicing LP,* 20 Fed. Appx. 442, 446 (6th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas,* 109 F.3d 784, 791 (6th Cir. 1997)). Accordingly, Plaintiff's motion for attorney fees and costs in this matter is **GRANTED**, the amount to be determined by further orders of the court.

## V. Conclusion

In light of the foregoing discussion, Plaintiff's motion for summary judgment [R. 21] is **GRANTED in part and DENIED in part.** Plaintiff is awarded statutory damages of $1,000 plus costs and attorney fees, the amount to be determined by further orders of the court.

Plaintiff shall file her memorandum in support of her request for costs, expenses and attorney fees within **thirty (30) days** of entry of this Memorandum Opinion.

The trial scheduled for May 20, 2014 is **CANCELLED.**

Enter:

_____
UNITED STATES DISTRICT JUDGE

---

[1] The FDCPA limits a plaintiff's statutory damages to $1,000 "per proceeding" rather than "per violation." *See Wright v. Finance Service of Norwalk Inc.,* 22 F.3d 647 (6th Cir. 1994).