UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CARMEN FARMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-CV-58-PLR-CCS |
| ) | |
| BUFFALOE & ASSOCIATES, PLC, and ) | |
| RIVERWALK HOLDINGS, LTD., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

**I. BACKGROUND**

On May 1, 2014, the District Judge entered judgment in favor of the Plaintiff, and pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, awarded the Plaintiff her costs and attorney's fees reasonably incurred in litigating this action.

The Plaintiff filed a Memorandum in Support of Plaintiff's Request for Costs, Expenses, and Attorney Fees [Doc. 26], on May 9, 2014, moving the Court to attorney fees totaling $7,010.00 and costs and expenses totaling $372.80. The District Judge entered an Order referring the request for costs, expenses, and attorney fees to the undersigned on June 30, 2014. The Defendant failed to file a response in opposition to Plaintiff's request, and the time for doing so has expired, see E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 5, 6.

## II. ANALYSIS

As an initial matter, the Court finds that the Plaintiff's request for costs, expenses, and attorney fees in the amount of $7,382.80 is unopposed, and it could be granted on this basis alone. See E.D. Tenn. L.R. 7.2.

Nonetheless, the Court has considered the reasonableness of the Plaintiff's request. The Court finds that a lodestar analysis is the appropriate means for determining the fees reasonably incurred. See Dowling v. Litton Loan Servicing LP, 320 Fed. App'x 442, 447 (6th Cir. 2009) (explaining that a request for fees pursuant to the FDCPA should be evaluated pursuant to a lodestar analysis).

### A. *Hourly Rate Charged*

Pursuant to the lodestar method, the Court considers, first, the reasonableness of the hourly rates charged by counsel. Attorney Brent Travis Strunk of Brackett and Strunk, PLLC, served as counsel for the Plaintiff in this matter. Mr. Strunk charged $200.00 per hour for the work he performed in this litigation. The Court finds that this rate is reasonable given the nature of the Plaintiff's claims and is consistent with the hourly rates charged by other practitioners within the Eastern District of Tennessee.

### B. *Hours Expended*

As the second component of the lodestar analysis, the Court considers the reasonableness of the hours expended in the litigation. Plaintiff has provided the Court with invoices and hourly billing records for this case. [Doc. 26]. The undersigned has reviewed these documents and finds that the 35.05 hours expended in obtaining the judgment in this case were reasonable. Accordingly, the Court finds that it is appropriate to compensate the Plaintiff for the hours expended.

*C.     Costs and Expenses*

Finally, the Plaintiff has filed a description of the costs and expenses incurred in this case, [Doc. 26]. The Court finds that the costs and expenses, which consist of the filing fee and postage, are reasonable.

**III.     CONCLUSION**

For the reasons stated herein, the undersigned **RECOMMENDS**[1] the Plaintiff be awarded **$7,382.80**, representing the fees, costs, and expenses reasonably incurred in this case.

Respectfully Submitted,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).